## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANTA FE DREAMERS PROJECT; SPANISH COMMUNITY CENTER; and AMERICAN GATEWAYS,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CHAD F. WOLF, in his purported official capacity as Acting Secretary of Homeland Security; KENNETH T. CUCCINELLI, in his purported official capacities as Senior Official Performing the Duties of Deputy Secretary of Homeland Security and Acting Director of U.S. Citizenship and Immigration Services; TONY H. PHAM, in his purported official capacity as Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement; JOSEPH EDLOW, in his purported official capacity as Deputy Director for Policy of U.S. Citizenship and Immigration Services; MARK A. MORGAN, in his purported official capacity as Senior Official Performing the Duties of Commissioner of U.S. Customs and Border Protection; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES CUSTOMS AND IMMIGRATION ENFORCEMENT; and UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>*Defendants*. | Case No. 1:20-CV-02465 (RBW) |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION, AND DENYING DEFENDANTS' CROSS-MOTION, FOR SUMMARY JUDGMENT

This matter having come before the Court on Plaintiffs' Motion for Summary Judgment [Dkt. No. ___] and Defendants' Cross-Motion for Summary Judgment [Dkt. No. ___], and this Court having reviewed the pleadings, the briefing, the record, and heard arguments from counsel,

the Court hereby GRANTS Plaintiffs' Motion for Summary Judgment and DENIES Defendants' Cross-Motion for Summary Judgment.

Plaintiffs have demonstrated that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.  In particular, Plaintiffs have demonstrated, as a matter of law, that

(1) the July 28, 2020 memorandum entitled "Reconsideration of the June 15, 2012 Memorandum Entitled 'Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children" issued by Defendant Chad F. Wolf in his purported capacity as Acting Secretary of Homeland Security (the "Wolf Memorandum"); and

(2) the August 21, 2020 policy directives entitled "Implementing Acting Secretary Chad Wolf's July 28, 2020 Memorandum, 'Reconsideration of the June 15, 2012 Memorandum Entitled 'Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children''" issued by Defendant Joseph Edlow in his purported capacity as Deputy Director for Policy of Defendant United States Citizenship and Immigration Services (the "USCIS Directives"),

were issued in violation of the Homeland Security Act, 6 U.S.C. § 113(g); the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*; the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*; and the Appointments Clause of the United States Constitution and are therefore *ultra vires*, without force or effect, and void.

Conversely, Defendants have failed to show that there is any genuine dispute as to any material fact or that they are entitled to judgment as a matter of law.

Accordingly, the Court enters judgment for Plaintiffs and against Defendants.

Furthermore, it is hereby declared and ordered that:

1. Defendant Chad F. Wolf's purported accession as Acting Director of Homeland Security and Defendant Joseph Edlow's purported appointment as Deputy Director for Policy of U.S. Citizenship and Immigration Services were invalid under the Homeland Security Act, the Federal Vacancies Reform Act, and the Appointments Clause of the United States Constitution.

2. The Wolf Memorandum and USCIS Directives were issued in violation of the Homeland Security Act and the Federal Vacancies Reform Act and are therefore *ultra vires* and have no force or effect.

3. The Wolf Memorandum and USCIS Directives were issued not in accordance with law, in violation of the Administrative Procedure Act, and therefore must be set aside.

4. The Wolf Memorandum and USCIS Directives were issued in violation of the Appointments Clause of the U.S. Constitution and are therefore void.

5. The Wolf Memorandum and USCIS Directives are vacated and set aside.

6. Defendants and all their officers, employees, agents, and successors are immediately and permanently enjoined from implementing, applying, or enforcing any part of the Wolf Memorandum or the USCIS Directives.

7. Plaintiffs are awarded their costs and reasonable attorneys' fees.

   IT IS SO ORDERED.

Dated: _____          _____
                                                Hon. Reggie B. Walton
                                                United States District Judge